**Juan Antonio BELTRAN; Rosario Uyuni Beltran; Xavier Antonio Beltran; Evelyn Rosario Beltran, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70864.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2003.*

Decided Oct. 15, 2003.

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioners.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Michael T. Dougherty, Richard M. Evans, Esq., DOJ–U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

The Beltran family petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying their asylum application. Because the facts are known to the parties, we do not recite them here. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 govern this appeal.[1] Thus, we have jurisdiction pursuant to 8 U.S.C. § 1105a (1996). We deny the petition.

The Beltrans failed to establish past persecution for the purposes of asylum relief on account of Mr. Beltran's political opinion.[2] They rely primarily on Mr. Beltran's testimony. The BIA adopted the adverse credibility finding of the Immigration Judge ("IJ").[3] The record amply supports the finding. The IJ's primary reason for concluding that Mr. Beltran was not credible was that his testimony about events central to his asylum claim varied

---

* This panel unanimously finds this case suitable for decision without oral argument. See FED. R.APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997).

2. *Sangha v. INS*, 103 F.3d 1482, 1488 (9th Cir.1997).

3. *Singh v. INS*, 134 F.3d 962, 966 n. 5 (9th Cir.1998) (stating that this court reviews the decision of the IJ to the extent that the BIA has adopted it).

substantially from his statements in his asylum application.[4] The Beltrans made no effort to address the credibility issue. Thus, they have failed to show that the record "compels" the conclusion that they suffered past persecution.[5]

The Beltrans similarly failed to establish a "well-founded fear of [future] persecution."[6] For the purposes of asylum relief, such fear must be both "subjectively genuine and objectively reasonable."[7] The BIA appropriately concluded that the Beltrans failed to show that a reasonable person under the circumstances would fear persecution.[8] By his own admission, Mr. Beltran belonged to a political party that was large and held a substantial portion of the seats in the legislature. Mr. Beltran was unable to explain why he would be subject to persecution while high-ranking members of his party were not. In light of this evidence, the record does not compel the conclusion that the Beltrans' fear was objectively reasonable.[9] As the Beltrans showed neither past persecution nor a well-founded fear of future persecution, their asylum claim fails.[10]

We cannot consider the Beltrans' argument that they qualified for asylum on humanitarian grounds because of the alleged severity of the past persecution. The Beltrans never mentioned this argument before the BIA. Thus, they failed to exhaust their administrative remedies on

this claim, and we lack jurisdiction to review it.[11]

PETITION DENIED.

**4.** *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001); *De Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997).

**5.** *Hernandez–Montiel v. INS,* 225 F.3d 1084, 1090–91 (9th Cir.2000).

**6.** *Sangha,* 103 F.3d at 1486 (internal quotation marks omitted).

**7.** *Singh,* 134 F.3d at 966.

**8.** *Id.*

**9.** *Id.; Hernandez–Montiel,* 225 F.3d at 1090–91.

**10.** *Chebchoub,* 257 F.3d at 1042.

**11.** 8 U.S.C. § 1105a(c)(1995) (requiring aliens to "exhaust[ ] the administrative remedies available ... as of right"); *Cortez–Acosta v. INS,* 234 F.3d 476, 480 (9th Cir.2000).